**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 14-6788-JFW (PJWx)** | Date:  April 23, 2015 |

Title: Body By Jake, Inc. -*v*- Randall Harrington d/b/a JustDontQuit.com, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION BY THE COURT AGAINST DEFENDANT RANDALL HARRINGTON d/b/a JUSTDONTQUIT.COM [filed 3/26/2015; Docket No. 15];

    On March 26, 2015, Plaintiff Body By Jake, Inc. ("Plaintiff") filed an Application for Entry of Default Judgment and Permanent Injunction By the Court Against Defendant Randall Harrington d/b/a JustDontQuit.com ("Application for Entry of Default Judgment").   Defendant Randall Harrington d/b/a JustDontQuit.com ("Defendant") did not file an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 27, 2015 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

    Federal Rule of Civil Procedure 55(b) provides for a court ordered default judgment following entry of default under 55(a).  Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required.  L.R. 55-1.

    Entry of default is left to the court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Because granting or denying relief is entirely within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment.  *Id.; Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal 2003)*.*  In deciding

whether to exercise discretion to enter a default judgment, courts may consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")   In determining damages, the court may conduct a full evidentiary hearing, or rely on declarations submitted by the parties.  Fed. R. Civ. 55(b)(2); L.R. 55-2.  However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

After considering the *Eitel* factors, the Court concludes that Plaintiff has demonstrated that it is entitled to default judgment  and the requested permanent injunction against Defendant.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In addition, the Court concludes that this case is an "exceptional" under 15 U.S.C. § 1117(a) such that attorneys' fees are warranted.  The Court awards Plaintiff reasonable attorneys' fees in the amount of $7,500.

Accordingly, Plaintiff's Application for Entry of Default Judgment is **GRANTED**, and the Court signs the Proposed Default Judgment By Court and Proposed Permanent Injunction, lodged with the Court on March 26, 2015 [Docket Nos. 15-3 and 15-4].

IT IS SO ORDERED.