MICHAEL P. MARTIN [SBN 190213]
FISCHBACH, PERLSTEIN, LIEBERMAN &
ALMOND, LLP
1925 Century Park East, Suite 2050
Los Angeles, California 90067-2746
Telephone: (310) 556-1956
Facsimile: (310) 556-4617
Email: mmartin@fpllaw.com

Attorneys for Plaintiff                                                                 JS-6

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BODY BY JAKE, INC., a California corporation, | Case No.: CV 14-06788 |
| Plaintiff, | **PERMANENT INJUNCTION** |
| v. | |
| RANDALL HARRINGTON d/b/a JUSTDONTQUIT.COM, an individual, and DOES 1-10 | |
| Defendants. | |

The Court finds that:

1.  The Court has jurisdiction over the Parties and subject matter of this action;

2.  Plaintiff Body By Jake ("Plaintiff") manufactures, sells, distributes, advertises, and licenses various types of entertainment, music, charitable, and health and fitness related products and services, including registered uses such as: digital materials, namely CD's and downloadable audio files featuring music; Downloadable musical sound recordings; musical sound recordings; pre-recorded DVD's and videos, downloadable audio and video recordings in Class 9; and clothing in Class 25 under its well-known DON'T QUIT trademarks. Plaintiff utilizes its DON'T QUIT trademarks in various combinations on its products, and in advertising for its services to identify them as originating from Plaintiff.

3.  Plaintiff's DON'T QUIT marks are extremely well-known in the United States, and internationally. This high level of name recognition among the public gives these marks lucrative appeal. In addition to the longstanding, international use and goodwill mentioned above, Plaintiff has registered its DON'T QUIT marks at the United States Federal level. Presently, Plaintiff is the owner of the following U.S. Federally Registered trademarks, among others: No. 1486704 for the mark DON'T QUIT!; No. 3868011 for the mark DON'T QUIT!; and No. 3880382 for the mark DON'T QUIT! (Stylized); No. 4,687,921 for the mark DON'T QUIT; and No. 4687919 for the mark DON'T QUIT MUSIC. Plaintiff's

above referenced trademarks are hereinafter collectively referred to as "the DON'T QUIT Marks." Plaintiff has been using said marks since at least March, 1981 and has been using said marks in interstate commerce since at least March, 1981.

4. In addition, as a result of Plaintiff's efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Plaintiff's customers, Plaintiff's DON'T QUIT products and services have achieved enormous popularity among the public. As a result of these efforts and Plaintiff's exclusive use of the DON'T QUIT Marks, the DON'T QUIT Marks have acquired substantial goodwill and secondary meaning for a long period of time, serving as an indicator of Plaintiff as the source of origin of its products and services.

5. Defendant Randall Harrington d/b/a Justdontquit.com ("Defendant") markets and sells products and offers services under the mark JUST DON'T QUIT including on the website justdontquit.com and has filed an application for registration of the mark JUST DON'T QUIT for confusingly similar goods and services and in identical classes as those used and registered by Plaintiff's famous mark DON'T QUIT.

6. Defendant has no right, license or other authority from Plaintiff to use any of the DON'T QUIT Marks for any purpose.

7. Additionally, Defendant's activities injure the public by depriving the public of the right to be free of confusion in the marketplace.

8. Defendant's unauthorized use of the DON'T QUIT Marks is likely to cause confusion, as to the source or sponsorship of Defendant's activities and Defendant's actions are likely to deceive the public into believing that Defendant's activities are sponsored by or authorized by Plaintiff when, in fact, they are not.

9. Defendant's unauthorized activities have caused Plaintiff irreparable injury, will continue to cause Plaintiff irreparable injury absent the issuance of this injunction, and Plaintiff does not have an adequate remedy at law.

10. A Permanent Injunction is also warranted to protect the public from confusion and deception.

NOW THEREFORE, THE COURT ORDERS AS FOLLOWS:

1. Defendant Randall Harrington d/b/a Justdontquit.com, its co-owners, partners, officers, directors, managing agents, subsidiaries, parents, affiliated entities, heirs, successors, assigns, employees, attorneys, and each of them, and all others in active concert or participation with them, or those who are acting at their request or insistence who receive actual notice by personal service or otherwise, and each of them, are hereby permanently enjoined:

(A) From infringing upon the DON'T QUIT Marks or anything confusingly similar thereto, including but not limited to Plaintiff's U.S. Federal Registrations for DON'T QUIT;

(B) From manufacturing, distributing, marketing, selling and/or offering for sale, any goods or services which bear the JUST DON'T QUIT or DON'T

QUIT Marks or anything confusingly similar thereto, or any reproduction, copy, or colorable imitation thereof, including use of the word marks on the website justdontquit.com;

(C)  From using any reproduction, copy, or colorable imitation of the DON'T QUIT Marks, or anything confusingly similar thereto, in connection with the advertising, promoting, and/or selling or offering to sell any product or service, including but not limited to entertainment and sporting event promotions;

(D)  From making any statement or representation whatsoever, using any false designation of origin or false description and/or performing any act which can or is likely to lead the general public or ultimate purchaser to believe that any of Defendant's merchandise or services are in any manner associated or connected with Plaintiff, or sold, produced, licensed, sponsored, authorized and/or approved by Plaintiff; and

(E)  From engaging in any other activities constituting trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin, unfair competition and deceptive trade practices in violation of any of Plaintiff's intellectual property rights.

IT IS SO ORDERED:

Dated: April 23, 2015

_____
Honorable John F. Walter
United States Judge